INHABITANTS OF WEBSTER, appellants,
*vs.*
THE COUNTY COMMISSIONERS OF ANDROSCOGGIN COUNTY.

*Appeal—can only be taken conformably to statute.*

Where the statute provides for an appeal to be taken before the next session of the appellate court, one taken upon the day such session commenced is unseasonable, and must be dismissed.

ON EXCEPTIONS.

This is an appeal from a decree of the county commissioners of Androscoggin county, on a petition of the inhabitants of Webster, asking the discontinuance of a certain road in Webster, the decision being against the petitioners; which petition was entered in the supreme judicial court for Androscoggin county, at the January term, 1873; being the next term of said court after the proceedings were closed and recorded by the county commissioners. The appellants entered notice of their appeal on the docket of the court of the county commissioners, upon the day of the sitting of the court, at its said January term, 1873, but after the session had commenced. The appeal was answered to by the county attorney, and also by the attorney for the original petitioners for laying out the road, at the entry term, upon the supreme court docket. Upon the seventeenth day of the April term of this court, the respondents' attorneys filed a motion to dismiss the appeal, and affirm the judgment of the county commissioners, upon the ground that the court had not jurisdiction of the appeal, because the appellants had not complied with the requirements of R. S., c. 18, § 37. The presiding judge thereupon ruled that the appeal be dismissed, to which ruling the said appellants excepted.

*Frye, Cotton & White* for the appellants.

*R. Dresser* for the respondents.

DICKERSON, J.  The statute allows an appeal to be taken from the decision of county commissioners in certain specified cases, "after it has been entered of record and before the next term of the supreme judicial court in the county, where the proceedings originated."  R. S., c. 18, § 37.  An appeal thus taken "may be entered and prosecuted" in the appellate court.

Appeals from county commissioners are regulated exclusively by statute.  No such appeals are allowable unless they are authorized by the statute.  Hence, the statutes upon this subject should be strictly construed.  Where the statute authorizes an appeal to be taken from the decision of the county commissioners "after it has been entered of record," it cannot be construed to allow an appeal to be taken before that is done.  So, when it authorizes an appeal "before the next term of the supreme judicial court in the county," it cannot be construed to sanction an appeal after, or during such term.  The statute is not a machine in the hands of the court, capable of being adjusted to suit the exigencies of the occasion, and thus enable parties to escape the legal consequences of their laches and mistakes.  When the statute provides that a thing may be done, and prescribes the time and mode of doing it, these directions should be strictly followed.

In this case the statute then in force required that the particular acts necessary to constitute an appeal, should be performed before the next term of the appellate court at which the appeal might be prosecuted.  The appellants did not do this, and for that cause the presiding justice very properly ordered the appeal to be dismissed.                               *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.